Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE UNIVERSITY OF WASHINGTON, *et al*.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Defendants.

No.: 2:18-cv-01396 BJR

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEFENDANT ICE TO SEARCH FOR AND PRODUCE FORMS I-213

## I.    INTRODUCTION

Plaintiffs the University of Washington, the Center for Human Rights at the University of Washington, and Angelina Godoy, its director (collectively, "Plaintiffs"), filed this lawsuit to compel the production of documents in response to several requests made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to Defendants the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), and Customs and Border Protection ("CBP"). Plaintiffs' intent is to use the information to inform the public and elected officials about due process and civil liberties issues arising from federal immigration enforcement in Washington. Compl. ¶ 3.

1

At issue in this Motion to Compel is one such request, for all "Copies of Form I-213 ('Record of Deportable/Inadmissible Alien') created on or after January 1, 2012 for each individual detained or taken into custody by staff from ICE's Seattle field office [and] each individual transferred to the custody for staff from ICE's Seattle field office by CBP, or by state or local law enforcement officials." *Id*. ¶ 49. A Form I-213 contains information collected by federal agencies in support of a detained individual's alleged alienage and removability from the United States. There are apparently tens of thousands of such forms responsive to this request, but ICE has to date not produced any, based on objections discussed below.

In their motion, Plaintiffs are requesting that the Court order ICE to (1) search for and (2) produce all such documents. Having reviewed the briefs filed in support of and opposition to this motion, the Court hereby GRANTS the Motion to Compel, and orders the parties to meet and confer to resolve any outstanding differences regarding the production, such as timing, redactions, volume, and any other necessary details. In doing so, the Court notes that Plaintiffs and CBP have apparently succeeded in coming to agreement on the terms of the production in response to the same FOIA request, and strongly encourages the parties to do so here.

## II.    DISCUSSION

*A.  ICE's Objection Based on Privacy Act*

In their opening brief, Plaintiffs assert that ICE has refused to produce—or even conduct a search for—documents responsive to Plaintiffs' FOIA request for the Forms I-213, on the grounds that the Privacy Act prohibits it from doing so without signed waivers from third parties to whom those forms relate. This is clearly an untenable position, and in its Opposition, ICE now appears to concede that as long as Plaintiffs are willing to accept documents with redactions of all personal identifying information, the Privacy Act is no bar to search and production.

The only remaining issue concerning privacy appears to be whether ICE will redact third-party names from the forms. Opp. at 2 ("ICE is no longer relying on the Privacy Act as its foremost objection if Plaintiffs consent to redactions of the third-parties' names located throughout the I-213s."). Plaintiffs argue that the names need not be redacted, as they can be found in publicly available court records. Regardless, this motion seeks an order compelling production, not an order on the propriety of any redactions; this disagreement is not ripe and therefore need not be decided at this time. The Court encourages the parties to come to an agreement on what redactions are appropriate, noting that apparently Plaintiffs are satisfied with CBP's production in response to the same FOIA request, from which third-party names were redacted.

> B.  *ICE's Objections Based on Burdensomeness*

ICE has also objected to Plaintiffs' request on burdensomeness grounds, claiming, with some contradiction, that (1) a search would be overly burdensome; and (2) it has already conducted a search and found no responsive documents. The Court addresses each objection in turn.

As to whether the request is overly burdensome, ICE argues that *final* Forms I-213 (*i.e.* forms that have been signed) are kept only in hard copy, in various locations throughout DHS components, and that given the volume of documents requested, a search would be nearly impossible. Plaintiffs state in their Reply, however, that they are also willing to accept *draft* Forms I-213, which apparently are kept in electronic format in a searchable database. ICE claims that even a search of the electronic database would be unduly burdensome, as there are some 38,000 forms. According to Plaintiffs, however, ICE (unlike CBP) has not even attempted to work with them to focus and narrow the scope of the request, and instead has, for over two years, been asserting an objection to both the search and the production of documents based solely on purported privacy concerns. Plaintiffs state that "as of the filing of this motion, ICE had made no proposal as to any narrowing of Plaintiffs' request for Forms I-213." Rep. at

6. The Court understands from this statement that Plaintiffs are willing to negotiate with ICE to fashion a less burdensome request, and, as detailed more below, orders the parties to do so.

As for ICE's claim that it has in fact attempted to conduct the requested search, and found no responsive documents, the Court dismisses this objection as not credible. As Plaintiffs note, the declaration of the ICE FOIA officer that "draft, unsigned I-213s can be retrieved from a subsystem of ERO's Enforcement Integrated Database (EID)" belies this claim. *See* Declaration of Toni Fuentes ¶ 56. Plaintiffs also refer to a number of other cases in which ICE admits it has searched its database for Forms I-213, including another lawsuit in the Western District of Washington.[1]

C.  *ICE's Objections to the Form of This Motion*

ICE's final objection to Plaintiffs' motion is that under FOIA, a Motion to Compel is not the appropriate procedure for resolving this issue, which it argues should have been raised in a motion for summary judgment. According to ICE, "the Court does not have the appropriate affidavits while deciding this motion to determine whether ICE's search has been adequate and any of Plaintiffs' requested actions are necessary." The Court notes, however, that nothing prevented ICE from filing any affidavits it needed in response to Plaintiffs' motion—in fact, it did file a 22-page affidavit of ICE FOIA officer Toni Fuentes, explaining why it has not produced the requested documents. Furthermore, as Plaintiffs argue, there is a material distinction between what is at issue in a summary judgment motion in a FOIA case, and what is at issue here. Plaintiffs' instant motion "does not implicate issues decided on summary judgment in FOIA litigation—namely, the viability of an agency's claimed exemptions and withholdings, as well as the sufficiency of an agency's document productions and search procedures. Plaintiffs do not seek such an assessment through the present motion. Rather,

---

[1] ICE filed a surreply, objecting to Plaintiffs' use of an excerpt of a declaration filed in *Mora-Villalpando v. United States*, Case No. 18- cv-000655-JLR (W.D. Wash. Dec. 21, 2018) on "best evidence" grounds. The excerpt is obviously a true and correct copy of a publicly available, sworn statement, and the Court is capable of reviewing, and has reviewed, the declaration in its entirety, and overrules the objection.

Plaintiffs are requesting relief due to ICE's refusal to search for the responsive documents based upon ICE's erroneous interpretation of the Privacy Act" and dubious other claims. Rep. at 1. The question at issue here is not the sufficiency of the production or propriety of redactions, but whether the parties have come to an agreement on the precise acceptable terms of the request, and whether ICE has even made a good-faith effort to initiate a responsive search.

### III.   CONCLUSION

Based upon Plaintiffs' representation that they are willing (at this stage, at least) to accept Forms I-213 (a) in draft format; and (b) with redactions of all identifying information including names, mitigating ICE's claimed privacy and burdensomeness concerns, the Court hereby GRANTS Plaintiffs' Motion to Compel. The parties are hereby ordered to meet and confer, within 10 days of issuance of this order, to discuss and narrow the terms of the request as discussed herein. The parties are further directed to file a brief Joint Status Report, advising the Court whether an agreement as to production (including its scope and any agreed deadlines) according to the terms of this order has been reached, within 15 days of issuance of this order. The Court cautions ICE that asserting specious objections under FOIA is not taken lightly by the Court and persistence in doing so may be subject to sanctions.

DATED this 21st day of April, 2020.

Barbara Jacobs Rothstein
U.S. District Court Judge